

# THE ATTORNEY GENERAL
# OF TEXAS


GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-1397
Re: Whether the commissioners'
court has authority to allow
road and bridge precincts in
need of funds to operate
pending the collection of
current revenues to borrow
funds from the Road Bond ac-
count, to supplement their
road and bridge fund accounts,
such borrowed funds to be paid
back to the Road Bond Fund out
of collections of the borrow-
ing Road & Bridge Precinct
during the ensuing year.

We quote the following two paragraphs of your letter of August 6, requesting an opinion from this department:

"The Road and Bridge Department of McLennan County is operated on a county wide basis.

"The balance to the credit of at least one, and possibly two, precincts of the road and bridge department will be exhausted before additional funds will become available from current tax collections. In your opinion, would the Commissioners' Court have authority to allow road and bridge precincts in need of funds to operate pending the collection of current revenues to borrow funds from the Road Bond Account, to supplement their Road & Bridge Fund Accounts, with the understanding that such borrowed funds be paid back to the Road Bond Fund out of collections of the borrowing Road & Bridge Precinct during the ensuing year?"

You further state in your letter that the funds desired to be loaned constitutes the unexpended balance of a county-wide bond issue voted a number of years ago for the purpose of "Construction, maintenance and operation of gravel or paved roads and turn-pikes, or

in aid thereof", equaling some $35,000.00. We are to assume that the bonds have been retired with principal and interest paid leaving such balance and that no equitable division of such funds as authorized by Section 18 of your Special Road Law is questioned or contemplated being made by the commissioners' court. We further assume by your request that such "borrowed" funds are not necessarily to be expended for those purposes for which said bonds were originally authorized.

It is to be noted that Section 18, Chap. 34, Acts 1929, First Called Session, 41st Legislature, being a portion of the Special Road Law passed for the benefit of McLennan County, provides:

"All county, road and bridge funds raised by direct taxation or by the sale of county or district bonds and all other moneys that may come into the Road and Bridge Fund in McLennan County, shall be applied by an order of the commissioners' court to building, constructing and repair of the various roads, bridges and culverts in said county in such manner, as to give a fair and equitable division of said funds, based upon the taxable properties in each commissioner's precinct."

As to the authority and duties of the commissioners' court and other county officers in the handling and expenditure of county funds, said road law is cumulative of all other laws upon the subject.

According to your request, such funds were raised through the sale of bonds under Article 726-752, Revised Civil Statutes, pursuant to Article 3, Section 53 of the Constitution of Texas, prior to the repeal of said articles by the 39th Legislature, Acts 1926, First Called Session, Chap. 16. Article 7520, Revised Civil Statutes, 1925, as amended, reading substantially the same as the repealed article 742, provides:

"The county treasurer is custodian of all funds collected by virtue of this law, and shall deposit them, with the county depository in the same manner as county funds are deposited. It shall be the duty of the county treasurer to promptly pay the interest and principal as it becomes due on such bonds out of the funds collected and deposited for that purpose."

Article 1709, Revised Civil Statutes, provides:

"The county treasurer shall receive all moneys belonging to the county from whatever source they may be derived, and pay and apply the same as required by law, in such manner as the commissioners court of his county may require and direct." (Underscore ours)

Article 1624, Revised Civil Statutes, provides:

"An account with the county treasurer shall be kept
in said ledger, in which such treasurer shall be charged
separately with the amount of each fund for which he gives
a receipt to the sheriff, collector, or other person pay-
ing the same into the treasury; and such treasurer shall
have credit for all moneys paid out by him, when the com-
missioners court has approved his reports of the same and
for his legal commissions."

Article 1625, Revised Civil Statutes, provides for the regis-
tering of claims against the county in the order of their presentation,
making payment of each in the order in which they are registered.

It will be noted that there is no provision in the statutes
authorizing the county treasurer to pay out such surplus of funds other
than as required by law.

Counties, being a component part of the state, have no powers
or duties except those which are clearly set forth and defined in the
Constitution and statutes. The statutes have clearly defined the pow-
ers, prescribed the duties, and imposed the liabilities of the commis-
sioners' court, a medium through which the different counties act, and
from those statutes must come all the authority vested in the county.
(Edwards County vs. Jennings, 33 S. W. 585, Tex. Juris, Vol. 11, p. 563).

Practically the identical question as contained in your request
was presented to this department for an opinion by Hon. Thomas L. Blanton,
Jr., County Attorney, Shackelford County, Albany, Texas, and under date
of February 4, 1939, in an opinion written by Hon. Benjamin Woodall,
Assistant Attorney General, the particular questions as well as other
related questions pertaining to the transfer of funds was rendered to
Mr. Blanton under our Opinion No. O-66. We enclose herewith a copy of
Opinion No. O-66, calling your particular attention to question No. 2
on page 2 thereof, and the holding of this department as shown on page
3 to the effect that any unlawful and unauthorized transfer of such funds
to be an illegal diversion of same.

It is, therefore, the opinion of this department that the com-
missioners' court is not authorized to allow Road and Bridge Precincts
in need of funds to operate pending the collection of current revenues
to borrow funds from the Road Bond Account, to supplement their Road
and Bridge Fund Account, although such transfer is made with the under-
standing that such borrowed funds be paid back to the Road Bond Fund
out of collections of the borrowing Road and Bridge Precinct during the
ensuing year.

| | | |
|---|---|---|
| WmK:jm:lm | APPROVED | Yours very truly |
| APPROVED OCT 10, 1939 | OPINION | ATTORNEY GENERAL OF TEXAS |
| /s/ Robert E. Kepke | COMMITTEE | By /s/ Wm. J. R. King |
| ACTING ATTORNEY GENERAL | BY /s/ BWB | Wm. J. R. King |
| OF TEXAS | CHAIRMAN | Assistant |